## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**OASIS BEAUTY SUPPLY, INC.,**

     **Plaintiff,**

**v.**                                   **CASE NO. 3:22cv6029-MCR-ZCB**

**MT.  HAWLEY INSURANCE COMPANY,**

     **Defendant.**

_____/

## ORDER

Before the Court is Defendant's Motion to Transfer Venue (ECF No. 4). Having reviewed the motion (ECF No. 4) and response (ECF No. 9), along with the applicable law, the Court finds Defendant's motion should be granted and that this action should be transferred to the United States District Court for the Southern District of New York.

### Background

This is an insurance coverage dispute regarding property located in the State of Florida, insured under a policy of insurance (Policy) issued by Defendant Mt. Hawley Insurance Company (Mt. Hawley).  Plaintiff Oasis Beauty Supply, Inc. (Oasis) filed suit in the First Judicial Circuit Court in and for Escambia County, Florida, seeking to recover benefits under the Policy due to damage allegedly

sustained during Hurricane Sally.  On May 6, 2022, Mt. Hawley removed the action

to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity

jurisdiction (ECF No. 1).  Mt. Hawley now seeks to have the case transferred to the

Southern District of New York, arguing that by filing suit in Florida, Oasis violated

the Policy's mandatory forum-selection clause requiring that any litigation

stemming from the Policy be initiated in New York.[1]  The Court agrees.

The Policy provides, in pertinent part, as follows:

SERVICE OF SUIT AND
COMMERCIAL PROPERTY CONDITIONS ENDORSEMENT

1.      This Policy is amended to add the following additional
Commercial Property Conditions:

> AA.    Jurisdiction and Venue. It is agreed that in the event of the
> failure of the Company to pay any amount claimed to be
> due hereunder, any Named Insured, any additional
> insured, and any beneficiary hereunder shall submit to the
> jurisdiction of a court of competent jurisdiction in the State
> of New York, and shall comply with all the requirements
> necessary to give such court jurisdiction.  Any litigation
> commenced by any Named Insured, any additional
> insured, or any beneficiary hereunder against the
> Company shall be initiated in New York. Nothing in this
> clause constitutes or should be understood to constitute a

---

[1] A forum-selection clause is either mandatory or permissive. *See Cardoso v. Coelho*, 596 F. App'x 884, 885 (11th Cir. 2015). "A mandatory clause designates a specific forum as the exclusive forum in which to litigate the dispute. A permissive clause merely consents to jurisdiction in the designated forum and does not foreclose litigation in an alternative forum." *Id.* at 885–86.

waiver of the Company's right to remove an action to a United States District Court.

BB.    Choice of Law. All matters arising hereunder including questions relating to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

ECF No. 4 at 2.  Based on this provision, Mt. Hawley seeks a transfer to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).  Oasis opposes transfer but concedes that the law supports a transfer in this instance based on the forum-selection clause.[2]

## Discussion

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.*  In *Atl. Marine*, the Supreme Court explained that § 1404(a) "provides a mechanism for enforcement of forum-selection

---

[2] Oasis requests that, "[i]n the likely event [the case] is transferred," Mt. Hawley be required to notify its counsel of the initial proceedings in New York so that it does not miss any deadlines while it retains New York counsel.

clauses that point to a particular federal district." 571 U.S. at 59. When determining whether to enforce a forum selection clause that specifies a state or foreign forum, as in this case, however, the Court is to employ the doctrine of *forum non conveniens*. *Id.* at 60. As the Court observed, "[§]1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Id.* "And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

Typically, when determining whether to transfer a case that does not involve a valid forum selection clause pursuant to the doctrine of *forums non conveniens*, which is not the case here, courts consider both the convenience of the parties and the public interest. *Id.* at 62–63. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum," as we have here. *Id.* at 63 (internal marks omitted). "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice

system." *Id.* (internal marks omitted). "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (internal marks omitted).

When a forum-selection clause is at issue, the court must adjust the usual § 1404(a) analysis in three respects. *Id.* First, the plaintiff's choice of forum is not to be given any weight. *Id.* "[W]hen a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its venue privilege before a dispute arises." *Id.* "Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 63–64.

Second, the court need not consider the parties' private interests.[3] *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge

---

[3] The Court explained that "[f]actors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* (quoting *Piper*, 454 U.S. at 241 n.6).

Case No. 3:22cv6029-MCR-ZCB

the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Indeed, "[w]hatever inconvenience [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *Id.* (internal marks and citation omitted). The court thus considers only the public-interest factors, and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* "Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common." *Id.* (internal marks and citation omitted).

Finally, when a party subject to a forum-selection clause disregards its contractual obligation and files suit in a different forum, the transferee court will not be required to apply the original venue's choice-of-law rules, which may impact public-interest considerations if the court's familiarity with the applicable law is a factor to consider. *Id.* Although a federal court exercising diversity jurisdiction typically must follow the choice-of-law rules of the state in which it sits, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts

should not unnecessarily disrupt the parties' settled expectations."[4] *Id.* at 65–66. "A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Id.* "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* Hence, the party seeking to avoid the forum-selection clause must show exceptional circumstances, predicated solely on public-interest considerations, to justify a court disregarding the clause. *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 883 (11th Cir. 2018).

Oasis has made no such showing here. And one of the three public interest factors—familiarity of the forum with the law that will govern the case—plainly weighs in favor of transfer considering the parties' contract provides that New York law will govern any disputes arising under the contract.

Accordingly, Defendants' Motion to Transfer Venue (ECF No. 4) is **GRANTED**. The clerk of court is directed to transfer this case to the United States District Court for the Southern District of New York and close the file. Until Oasis

---

[4] Here, as set forth above, the parties' contract includes a choice-of-law provision providing that New York law applies to any dispute arising out of the contract.

retains substitute counsel, counsel for Mt. Hawley is encouraged to keep Oasis's current counsel apprised of any activity in the case once it is transferred.

**DONE AND ORDERED** this 6<u>th</u> day of June 2022.


_M. Casey Rodgers_

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**